IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN USSERY<br>8102 Prince George's Drive<br>Fort Washington, Maryland 20744<br><br>Plaintiff,<br><br>-vs-<br><br>THOMAS J. VILSACK, SECRETARY,<br>U.S. DEPARTMENT OF AGRICULTURE<br>1400 Independence Avenue<br>Washington, D.C. 20250<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT – FEDERAL EMPLOYEE EMPLOYMENT DISCRIMINATION

**NOW COMES,** Plaintiff, John Ussery, by and through undersigned counsel and files this Complaint -- Federal Employee Employment Discrimination for damages. Plaintiff states herein as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, see 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, see 29 U.S.C. § 621 et seq.

2. This action properly lies in the District Court for the District of Columbia because this judicial district is where the Defendant has his principal office and where the employment records and files relevant to the unlawful practice of the Defendant are now maintained and administered by the Department of Agriculture.

1

## PARTIES

3. John Ussery, "Plaintiff", an African American Male, who is at least 40 years of age, and is a resident of the State of Maryland. At all times relevant to this suit, until his termination in June 2011, Plaintiff was employed by the USDA, Emergency Programs Division (EPD), Office of Homeland Security and Emergency (OHSE), Departmental Management (DM).

4. The Defendant, and subordinates, are employees of the United States Department of Agriculture is government Agency of the United States.

## STATEMENT OF FACTS

5. Plaintiff is a United States Air Force veteran who was hired on February 13, 2011 by the United States Department of Agriculture in the position of Emergency Management Specialist, GS-0301-13, Emergency Programs Division, Office of Homeland Security and Emergency, Departmental Management, U.S. Department of Agriculture (USDA).

6. That the USDA had openings at the GS-12 level and the GS-13 level for the position of Emergency Management Specialist.

7. That the Plaintiff was the most qualified for the position and was selected for two positions in the Agency – one at the GS-12 level and one at the GS-13 level – and he chose the higher grade level position.

8. Prior to joining the USDA, the Plaintiff was a contractor with Excalibur Associates working in the same agency as a Watch Officer from April 2010 until February 13, 2011.

9. Additionally, the Plaintiff's military duties were similar in nature to his contracting and civilian government service employment.
10. The Plaintiff's first level supervisor is Reginald Jones, African American male who was under the direction of the Plaintiff's second level supervisor.
11. Plaintiff's second level supervisor was James Redington, a white male.
12. That James Redington did not want the Plaintiff in his position, but instead wanted a white female, under 30, whom he knew, to take the position.
13. That the second level supervisor, Mr. Redington, verbally expressed his desire that he wanted to fill the position held by the Plaintiff with someone else after the initial hiring of the Plaintiff at the GS-13 level.
14. That Mr. Redington attempted to ensure the failure of the Plaintiff at the position of Emergency Management Specialist, GS-0301-13 by failing to provide him with an adequate position description, failing to adequately identify objective goals, failing to provide a performance plan and failing to provide adequate training to ensure success at the position for which he was selected.
15. That the Defendant unlawfully removed the Plaintiff from his employment as an Emergency Management Specialist because of his race and age.
16. That the Defendant subsequently replaced the Plaintiff with a white male that Mr. Redington had in mind for the position that was previously occupied by the Plaintiff.
17. Additionally, the former Supervisor, Reginald Jones, was also terminated by the Agency.

Count one

### FIRST CAUSE OF ACTION -- VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USC 2000e. ET SEQ.

18. Plaintiff hereby incorporates Paragraphs 1-14 of this complaint.

19. Defendant's conduct as alleged constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reason, but instead were pretext to hide the Defendant's discriminatory animus.

20. As a direct and proximate result of defendant's unlawful acts, Plaintiff lost his income, both past and present, promotional opportunities, career development opportunities, and suffered emotional and psychological harm causally related to Defendant's unlawful acts of discrimination.

21. As a result of Defendant's unlawful acts of discrimination committed against him, Plaintiff requests a reasonable amount of compensatory damages consisting of back pay and front pay, along with other general damages including, among other harm, emotional and psychological harm, in addition to punitive damages because of Defendant's intentional unlawful discrimination against the Plaintiff.

22. Plaintiff requests an award of reasonable attorney's fees and costs associated with the bringing and prosecution of this action in Court.

Count Two

### SECOND CAUSE OF ACTION -- VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) 29 USC 621

23. Plaintiff hereby incorporates Paragraphs 1-19 of this complaint.

24. The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discrimination animus.

25. As a direct and proximate result of defendant's unlawful acts, Plaintiff lost here income, both past and present, promotional opportunities, career development opportunities, and suffered emotional and psychological harem causally related to Defendant's unlawful acts of discrimination.

26. As a result of Defendant's unlawful acts of discrimination committed against her, Plaintiff requests a reasonable amount of compensatory damages consisting of back pay and front pay, along with other general damages including, among other harm, emotional and psychological harm, in addition to punitive damages because of Defendant's intentional unlawful discrimination against the Plaintiff.

27. Plaintiff requests an award of reasonable attorney's fees and costs associated with the bringing and prosecution of this action in Court.

## REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the Court to grant judgment to him and against the Defendant's employing Agency:

a. Order Defendant to rescind the termination.
b. The sum of $300,000.00 in compensatory damages suffered because of the discrimination.

c. Ordering Defendant to give retroactive pay and benefits from June 10, 2011 and to award compensatory damages, other general damages, and one (1) million in punitive damages for the intentional discriminatory acts, including emotional and psychological harm experienced by the Plaintiff.

d. Enjoining the Defendant from engaging in any further discriminatory practices.

e. For an award of reasonable costs and attorney's fees involved with the prosecution of this action and for attorney fees and cost associated with the administrative proceedings of this case.

f. For other relief which the Court deems to be just and proper in the circumstances of this case.

Respectfully submitted,

By /s/ Darryl A. Kelley
Darryl A. Kelley D.C. Bar #461121
Darryl A. Kelley & Associates, LLC
6944 Allentown Road
Camp Springs, MD 20748
(310) 449-6200
Attorney for Plaintiff

Dated: January 9, 2014